## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| SAJEESH KUMAR KAMALA RAGHAVAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| REMMIA SUKAPURATH, Defendant #1, LEAH LLOYD HILLIS (BPR #24573), Defendant #2, BARBARA McCULLOUGH (BPR No. 00922), Defendant #3, CAROL J. CHUMNEY (in her Official Capacity), Defendant #4, SHELBY COUNTY, TENNESSEE, Defendant #5, | ) ) ) ) ) ) ) ) | No. 2:25-cv-03110-SHL-cgc |
| Defendants. | ) ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONSOLIDATE ALL DISPOSITIVE FILINGS AND TO COMPEL CONSOLIDATED RESPONSES FROM DEFENDANTS AND DISREGARDING FILINGS RELATING TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff Sajeesh Kumar Kamala Raghavan's Motion for Leave to Consolidate All Dispositive Filings and to Compel Consolidated Responses from Defendants, filed January 13, 2026. (ECF No. 52.) Defendant Barbara McCullough filed her response to the Motion on January 27. (ECF No. 55.) Defendants Remmia Sukapurath and Leah Lloyd Hillis filed their response the same day. (ECF No. 56.) On February 9, 2026, Raghavan filed a document he characterized as a reply to McCullough's response. (ECF No. 58.) On February 9, 2026, Raghavan filed a document styled as Objections to the Magistrate Judge's Report and Recommendation, along with an affidavit in support of those objections. (ECF Nos. 60, 62.)

For the reasons stated below, the Motion is **DENIED** and the Objections to the Magistrate Judge's Report and Recommendation are disregarded.

As a threshold matter, by filing his reply to McCullough's response without the Court's leave, Raghavan has violated the Local Rules. Under the Local Rules, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply." LR 7.1(c). Not only did Raghavan fail to seek leave to file a reply, but his filing is also untimely.

Although Raghavan is representing himself, "[p]ro se litigants, while granted some leeway, must follow the same rules of procedure that govern other litigants." Berry v. Specialized Loan Servicing, LLC, No. 2:18-cv-02721-SHL-dkv, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020); Greer v. Home Realty Co. of Memphis Inc., No. 2:07-cv-02639-SHM, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) (collecting cases that support the proposition that a party's "status as a pro se litigant absolves him from neither the requirements of the Federal Rules of Civil Procedure nor the Local Rules"). The Court will not consider Raghavan's reply. To the extent Raghavan seeks to file similar replies in the future, he must first obtain leave from the Court. The Court notes that it is disinclined to grant such leave.

As for the substance of Raghavan's Motion, the relief he seeks is not entirely clear. He requests that the Court "consolidate the pending dispositive filings, and order the Defendants to file a unified response addressing all current and future facts, including the location and travel documents of the Defendants, to ensure a final and accurate determination of jurisdiction." (ECF No. 52 at PageID 944.) As a basis for this request, Raghavan invokes Federal Rule of Civil Procedure 1, which provides that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action

and proceeding," as well as the Court's "inherent power to manage their own dockets so as to achieve the orderly and expeditious disposition of cases." (Id. at PageID 943 (quoting Link v. Wabash R. Co. , 370 U.S. 626, 630–31 (1962)).

Although Raghavan's cited authorities stand for the principles he suggests, they do not support the relief he seeks. In fact, they counsel against it. Forcing the Defendants to collaborate on unified responses to Raghavan's various motions after each has already filed individual responses would result in the opposite of a "speedy[] and inexpensive determination" of this action. Instead, it would add unnecessary costs and time to this proceeding.

But even if Raghavan's recommended approach would somehow expedite the proceedings and not result in additional expenses, it also would not be just. Although the Court has the power to manage its own docket, to force the Defendants in this case to collaborate on their defense exceeds any such power. As Sukapurath and Hillis point out, Federal Rule of Civil Procedure 8, which applies to answers, repeatedly refers to "**a** party," and Rule 12 that applies to motions to dismiss refers to "**a** defendant," both indicating that a party may file separate pleadings. (ECF No. 56 at PageID 1008.)

Ultimately, if Defendants elect to file joint documents—as Sukapurath and Hillis have here—that is their prerogative. Defendants can also elect to proceed individually—as McCullough has. The choice, however, belongs to each Defendant, and will remain theirs to make throughout this litigation. Although Raghavan can direct the prosecution of his case, he cannot dictate the terms by which the Defendants defend against his claims, or, for that matter, how the Court manages its docket.

Accordingly, Raghavan's Motion for Leave to Consolidate All Dispositive Filings and to Compel Consolidated Responses is **DENIED**.

While the relief Raghavan seeks in his Motion is not entirely clear, his "Objection to the Magistrate Judge's Report and Recommendation (Doc. 12)," and the corresponding affidavit is even more puzzling. The Court cannot identify what Raghavan is objecting to.

The contours of a magistrate judge's authorities are outlined in 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. So,

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).

At the same time, Federal Rule of Civil Procedure 72 governs the issuance of reports and recommendations by magistrate judges. As for non-dispositive matters,

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

As for dispositive matters, the Rule provides that

> A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must immediately serve a copy on each party as provided in Rule 5(b).
> . . .

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.

Fed. R. Civ. P. 72(b)(1), (2).

In his filing, Raghavan asserts that he is "respectfully submit[ing] these Objections to the Magistrate Judge's Report and Recommendation ('R&R') dated January 27, 2026." (ECF No. 60 at PageID 1034.) However, ECF No. 12, which Raghavan asserts he is objecting to, was filed on December 12, 2025, and is Raghavan's Notice of Supplemental Fact and Renewed Request for Emergency Relief.

But more to the point, this is not a situation where Raghavan has simply misidentified the document to which he is objecting, as there has not been a report and recommendation at any point during this litigation. If a magistrate judge in a different case issued a report and recommendation, it is not before this Court, and it is not within the undersigned's purview to accept or reject it. Accordingly, the Court cannot, and will not, consider Raghavan's objections.

<u>**CONCLUSION**</u>

Consistent with the foregoing, Raghavan's Motion for Leave to Consolidate All Dispositive Filings and to Compel Consolidated Responses is **DENIED** and the Court will disregard Raghavan's objection to the report and recommendation and its supporting affidavit.

**IT IS SO ORDERED,** this 13th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE